# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-3823-GW(AJWx) | Date | January 30, 2014 |
| Title | *Dong W. Han v. Samsung Telecommunications America, LLC, et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Eric D. Pearson

Attorneys Present for Defendants:  
John P. Phillips

PROCEEDINGS:  DEFENDANT'S MOTION TO COMPEL ARBITRATION AND REQUEST FOR STAY [10];

DEFENDANTS' MOTION TO DISMISS COUNTS 1-5 OF PLAINTIFFS' SECOND AMENDED COMPLAINT [20]

The Court's Further Consideration and Ruling based upon Second Round of Supplemental Briefing on Defendants' Motions to Compel Arbitration, is circulated and attached hereto. Court hears oral argument. Based on the Court's Further Ruling issued on December 16, 2013, the attached Ruling, and for reasons stated on the record, Defendant's Motion is GRANTED. Defendants' Counsel will prepare an order forthwith. Defendants' Motion to Dismiss Counts 1-5 of Plaintiffs' Second Amended Complaint [20] is deemed MOOT.

A Status Conference is set for **May 1, 2014 at 8:30 a.m.** Joint Status Report will be filed by noon on April 29, 2014.

The AT&T and Verizon booklets are marked and lodged as Exhibit One.

:  12

Initials of Preparer  JG

*Sheffer v. Samsung Telecomms. Am., LLC, et al.*; Case No. CV-13-3466-GW (AJWx)
*Han, et al. v. Samsung Telecomms. Am., LLC, et al.*; Case No. CV-13-3823-GW (AJWx)
Further Consideration and Ruling based upon Second Round of Supplemental Briefing on Defendants' Motions to Compel Arbitration

## I. Background

Before the Court is the supplemental briefing filed by Samsung Telecommunications America, LLC and Samsung Electronics America, Inc.'s (collectively, "Defendants" or "Samsung") and Conrad Sheffer ("Sheffer"), Donald Han ("Han"), and Jinna Kang ("Kang") (collectively, "Plaintiffs") on the issue of whether Plaintiffs agreed to arbitrate their disputes with Defendants. As previously explained (*see, e.g.,* Docket No. 42, CV-13-3466, at 2), Plaintiffs purchased advertised 16 gigabyte ("GB") Samsung Galaxy S4 ("Galaxy S4") smart phones at Southern California retail stores in May of 2013. *See generally, e.g.,* Second Amended Complaint ("SAC"), Docket No. 15, CV-13-3823.[1] Plaintiffs claim that Samsung misleadingly represented that the Galaxy S4 has 16 GB of storage capacity when, in actuality, the phone contains "less capacity due to preinstalled internal operating software." *See, e.g.,* SAC ¶ 1.

The Galaxy S4 devices are sold with product safety and warranty booklets ("Booklets").[2] The version of the Booklet sold with the Verizon Galaxy S4 phones is entitled, "Product Safety & Warranty Information," and is 101 pages in length. Rowden Decl. ¶ 5, Ex. B. The first page inside the front cover of the Verizon Booklet states in bold lettering, "**Please read this manual before operating your phone and keep it for future reference.**" *Id.* Ex. B. The Verizon Booklet's Table of Contents indicates that "Warranty Information" begins on page 70. The AT&T Booklet is entitled "Health & Safety and Warranty Guide," and is 50 pages in length. *Id.* Ex. A. The first page inside the front cover of the AT&T Booklet similarly states, in bold lettering, "**Please read this manual before operating your phone and keep it for future reference.**" The AT&T Booklet's Table of Contents indicates that "Warranty Information" begins on page 32. *Id.* The Standard Limited Warranties in both Booklets contain an arbitration clause.

Though already detailed in its previous Tentative Orders, for the sake of convenience the Court repeats the relevant language of the arbitration clause at issue:

ALL DISPUTES WITH SAMSUNG ARISING IN ANY WAY FROM

---

[1] Though Plaintiffs' lawsuits were separately filed, Samsung's motions to compel arbitration implicate the same arbitration clause and overlapping legal and factual issues. The *Han* Action is captioned CV 13-3823 and the *Sheffer* Action is captioned CV-13-3466. Unless otherwise indicated, the Court cites to documents filed in the *Sheffer* Action for the remainder of this Order.

[2] For the first time, the parties informed the Court in this round of supplemental briefing that the 253-page Samsung User Manual is <u>not</u> the document that was included in the packaging that accompanied the Galaxy S4 phone. *See, e.g.,* Docket No. 46 at 6; *see also* Pearson Decl. ¶ 2. While the User Manual is apparently downloadable from Samsung's website, the significantly shorter Verizon and AT&T Booklets are, in fact, the documents that were provided to Plaintiffs in this case. *Id.* However, the parties do not dispute that the relevant language in the Standard Limited Warranty and in the arbitration provision is identical to the language in the User Manual, which has been extensively analyzed by this Court.

> THIS LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCTS SHALL BE RESOLVED EXCLUSIVELY THROUGH FINAL AND BINDING ARBITRATION, AND NOT BY A COURT OR JURY
>
> Any such dispute shall not be combined or consolidated with a dispute involving any other person's or entity's Product or claim, and specifically, without limitation of the foregoing, shall not under any circumstances proceed as part of a class action.
>
> . . . .
>
> The laws of the State of Texas, without reference to its choice of laws principles, shall govern the interpretation of the Limited Warranty and all disputes that are subject to this arbitration provision.
>
> . . . .
>
> **You may opt out of this dispute resolution procedure by providing notice to SAMSUNG no later than 30 calendar days from the date of the first consumer purchaser's purchase of the Product [by emailing or calling Samsung].**

See Rowden Decl., Ex. A at 35-37; Ex. B at 76-80. The provision is located on pages 35 to 37 of the AT&T Booklet and on pages 76 to 80 of the Verizon Booklet. *Id.* Both the AT&T and Verizon Booklets come inside the packaging of the Galaxy S4 phones, and the arbitration provisions are located under the bold headings, "**What is the procedure for resolving disputes.**" *Id.* Ex. A at 35; Ex. B. at 76.

   In their supplemental briefing, Plaintiffs again argue that they should not be bound to the arbitration clause because it was not identified in the Booklets' table of contents; because it was located in an "innocuously titled" section about warranties in the middle of lengthy documents; and because the clause was buried inside documents whose contractual nature was not obvious to the purchaser – especially given that the covers of the Booklets do not explicitly reference "agreements" or contractual "terms." *See, e.g.,* Docket No. 46 at 9-10.

   Having considered the parties' supplemental briefing in light of the new information regarding the Booklets that actually accompanied Plaintiffs' Galaxy S4 phones (*see* Footnote 2, *supra*), the Court would finalize its previous rulings, and would GRANT Defendants' motions to compel arbitration.

## II. Analysis

   In its previous Tentative Rulings (Docket Nos. 28, 42) – both of which are incorporated by reference herein – the Court extensively addressed Plaintiffs' contentions that mutual assent did not exist because of the placement of the arbitration clause and the inconspicuous, supposedly non-contractual nature of the Booklets. Those prior analyses remain applicable, and the Court need not fully rehash its earlier conclusions in the instant Order. However, the Court would expound on some of the key points raised by the parties in their supplemental briefing.

   Initially, the arbitration provisions in the 2 to 19-page agreements cited by Plaintiffs and

upheld as valid by other courts (Docket No. 46 at 11) do not somehow compel the inverse conclusion that the clause at issue here must be deemed invalid. In this case, each page of the Verizon and AT&T Booklets – designed to fit within the packaging of the Galaxy S4 phones – contains significantly less text than any of the pages in the agreements cited by Plaintiffs. *Compare, e.g.,* Rowden Decl. Exs. A, B, *with* Pearson Decl. Exs. 3-11. Thus, as Defendants point out, the side-by-side page/location analyses offered by Plaintiffs in their briefing is not exactly an "apples-to-apples" comparison. Docket No. 55 at 3. Moreover, the parties now agree that the documents containing the provision at issue are actually much *shorter* than what was originally represented to the Court, and Plaintiffs do not dispute that their Galaxy S4 phones included the Booklets, which plainly describe and identify the Standard Limited Warranty. The arbitration clause is located on pages 35 to 37 of the 50-page AT&T Booklet and pages 76 to 80 of the 101-page Verizon Booklet. Even accepting the comparisons offered by Plaintiffs at face value (*i.e.* without accounting for differences in the amount of text per page of a given agreement) Plaintiffs fail to identify a case affirmatively concluding that no agreement was formed merely because the document containing an arbitration provision was too long. Put simply – and as further explained by the Court in its previous rulings – the fact that the warranty's arbitration clause is contained in a larger document or collection of documents provided with a consumer good does not invariably render that provision unenforceable. *See, e.g., Knutson v. Sirius XM Radio Inc.*, No. 12-CV-418, 2012 U.S. Dist. LEXIS 75698, at *10-11 (S.D. Cal. May 31, 2012) (upholding arbitration provision in nine-page Customer Agreement that was included with lengthier "Welcome Kit" mailed to plaintiff after he activated his satellite radio subscription); *Uptown Drug Co., Inc. v. CVS Caremark Corp.*, No. 12-CV-6559-JST, 2013 WL 3821570 (N.D. Cal. Jul. 22, 2013) (upholding arbitration provision located on pages 49 and 50 of a 217-page "Provider Manual" where clause was written in easily understood language and reasonably sized text); *cf. also Mortensen v. Bresnan Commc'ns LLC*, 722 F.3d 1151, 1154 (9th Cir. 2013) (observing in dicta that arbitration provision was located on page 21 of a 31-page service agreement contained in a larger bundle of documents called "Welcome Kit").[3]

      The Court would also note that Plaintiffs do not dispute that they received the Booklets at the time of purchase, and those Booklets unmistakably contain "warranty" information. On the first page inside the Booklets, users are instructed to "read this manual *before operating your phone* and keep it for future reference." Rowden Decl. Exs. A, B (emphasis added). In order to use a new Galaxy S4 phone, Defendants claim that a purchaser would have to first remove the phone and its battery from the packaging, then insert the battery into the phone. Docket No. 41 at 5. To get to the battery, purchasers encounter several items, including a quick start guide and the "Health and Safety and Warranty Guide" or "Product Safety & Warranty Information" Booklets, depending on the wireless provider. *Id.* While Plaintiffs continue to argue that use of the label "warranty" somehow negates the contractual nature of the arbitration provision in the Booklets, the Court remains unpersuaded by these arguments, and again notes that Plaintiffs in the *Han* case actually seek to *enforce* the Standard Limited Warranty.[4] *See Weinstat v. Dentsply*

---

[3] *See also* Docket No. 41 at 10 (collecting cases addressing agreements contained in "Welcome Kits," Welcome Guides," and "Welcome Packets").

[4] In both lawsuits, Plaintiffs claim that they discovered the Galaxy S4 contained less memory than advertised after purchasing their phones. Even assuming Plaintiffs did not review the Booklets immediately after

*Intern., Inc.*, 180 Cal. App. 4th 1213, 1230 (2010) ("[To accept the argument that] to be part of the basis of the bargain the warranty must actually be handed over during the negotiation process so as to . . . be an actual procuring cause of the contract, is to ignore the practical realities of consumer transactions wherein the warranty card generally comes with the goods, packed in the box of boxed items . . . . Indeed, such interpretation would, in effect, render almost all consumer warranties an absolute nullity"); *Oblix v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004) ("California routinely enforces limited warranties and other terms found in form contracts.") (citing *Marin Storage & Trucking, Inc. v. Benco Constr. & Eng'g Inc.*, 89 Cal. App. 4th 1042 (2001)); *Specht v. Netscape Communications Corp.*, 306 F.3d 17, 31 (2d Cir. 2002) (Under California law, "receipt of a physical document containing contract terms or notice thereof is frequently deemed, in the world of *paper* transactions, a sufficient circumstance to place the offeree on inquiry notice of those terms.") (emphasis added).

   Crucially, the Court once again stresses that Plaintiffs were given a full month to opt out of the terms at issue, and both the choice-of-law provision and arbitration clauses appear underneath a bold heading entitled, **"What is the procedure for resolving disputes?"** *See, e.g.,* Rowden Decl., Ex. A at 36. The opt-out provision itself is also presented in all bold text, and the Booklets disclose the location of the Standard Limited Warranty in the table of contents. *Id.* at 1, 37. This relatively lengthy grace period and penalty-free opt out clause thus distinguish the instant cases from those cited by Plaintiffs in which courts found a lack of mutual assent.

### III. Conclusion

   In sum, for the reasons delineated above and throughout the Court's previous Tentative Rulings, Defendants' motions to compel arbitration would be GRANTED.

---

they bought their phones, the Court would note that, upon discovering the purported memory deficiency after operating their phones, it nonetheless seems that a reasonable purchaser could easily have consulted the "warranty" information supplied with his or her phone to determine whether a problem with the phone's memory was covered by Samsung. If the purchaser then decided she might sue Samsung over a purported memory deficiency, she would also discover – in reading the warranty section – that she could "opt out" of the arbitration procedure for disputes by "providing notice to SAMSUNG no later than 30 calendar days from the date of the first consumer purchaser's purchase of the Product [by email or phone]." *See, e.g.,* Rowden Decl. Ex. A. at 37. Each Plaintiff here also actually admits to reviewing at least some documents packaged with the Galaxy S4. *See* Docket No. 20-1 ¶¶ 6-7, CV-13-3466; Docket No. 24-1 ¶¶ 7-8, Docket No. 24-2, ¶¶ 6-7, CV-13-3823.